## WILLIAM S. HOLT'S APPEAL.

Chapter 61, sect. 4, of the Revised Statutes, requires, that the amount of a tax to be levied by a school district on the ratable property within its limits should be *first* approved by the school committee of the town, as a condition to the right to raise it.

The power to insure the school-house and its appendages is vested in the district, and not in the trustee; but a legal vote of the district to raise money to pay the premium would amount to a ratification of the trustee's act in insuring.

The notice of a special district meeting, which states the purpose of the meeting to be the "laying of a tax to meet the expenses of repairing the school-house in said district," will not warrant the meeting in raising, as an addition to the tax, the amount of a premium paid by the trustee of the district for insurance upon the school-house and its appendages.

APPEAL from a vote of School District No. 11, of the town of Exeter, authorizing the assessment of a tax.

From the statement of the school commissioner, presented to the chief justice for his decision, it appeared, that the district, at a special meeting, held October 9th, 1858, voted to repair their school-house, at a cost not to exceed one hundred and fifty dollars, and that the clerk and trustee were appointed a committee to make the repairs ; that the repairs were made, and, in addition, the house insured by the trustee, without a vote of the district authorizing the insurance ; and that, on the 30th day of October, the trustee called a special meeting of the district, of which the following was the notice :—

### " NOTICE.

" Notice is hereby given, that there will be a meeting of the legal voters of School District No. 11, in the town of Exeter, in the school-house in said district, at two o'clock in the afternoon, on Saturday the 6th day of November, A. D. 1858, for the purpose of laying a tax on the ratable property of the district to meet the expenses of repairing the school-house in said district, and of transacting any other business which may lawfully come before said meeting.

      (Signed)            DAVID NICHOLS, *Trustee.*
  " Exeter, October 30, 1858."

Upon this call, the district meeting was held at the time and place appointed, and voted to receive the school-house and assess a tax to the amount of one hundred and eighty-six dollars, including, in the amount of the tax, the sum paid by the trustee for insurance.

From this vote William S. Holt, a tax-payer in said district, appealed to the commissioner, alleging, as reasons, that the original vote limited the tax to a sum not exceeding one hundred and fifty dollars ; that the notice of the meeting to assess a tax was illegal, inasmuch as it did not state that a sum greater than one hundred and fifty dollars was necessary to meet the expenses ; that the amount of the tax above one hundred and fifty dollars has not been approved by the school committee of the town ; that one item of this additional expense was incurred by ceiling the walls between the window-sills and the floor, which the district voted not to do ; that the expense was also increased by the amount paid for insurance ; that bills

to the amount of one hundred and sixty-seven dollars only were presented at the meeting, the committee on repairs merely stating, that some of the bills had not been presented; and that the repairs had cost too much.

AMES, C. J. I am of the opinion that the fair construction of sect. 4, ch. 61, of the Revised Statutes, requires, that the amount of a tax to be levied by a school district on the ratable property within its limits, should be *first* approved by the school committee of the town. Such approval seems to me to be a condition of the right to raise the tax.

The power to insure the school-house and its appendages against damage by fire is, by section 3 of the same chapter, reposed in the district, and not in the trustee; and although a legal vote of the district to raise money to pay the premium would be a sufficient ratification of the trustee's act in this respect, the notice of the district meeting, held November 6, 1858, accompanying the statement, and which declares the special purpose of the meeting to be the "laying of a tax to meet the expenses of repairing the school-house in said district," seems to me not sufficient to justify the meeting in raising, as an addition to the tax, and by way of ratification of the action of the trustee in insuring the school-house, &c., the premium paid by the trustee for the insurance. The notice should, to comply with sect. 5, ch. 62, of the Revised Statutes, state the whole object or purpose of the special meeting.

The other grounds of the appeal cannot, upon the statement of facts submitted to me, be sustained; but for the reasons above given, my decision is, that the assessment of the tax by School District No. 11, of the town of Exeter, at the special meeting held November 6, 1858, is void; and that having *first* obtained the approbation of the school committee of the town to the amount of the tax, they must, if they would levy it on the ratable property of the district, do so at a meeting, of the purposes of which due notice has been given. This will not be given, if, when the notice specifies that a tax is intended to be laid for one purpose only, the meeting proceeds to lay a tax for another also.